FILED

2026 Mar-27  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**RANDAL BERNARD MCCOY,**
    Petitioner,

**v.**

**WARDEN JOSEPH H. HEADLY**,
et al.,
    Respondents.

**Case No. 4:24-cv-1672-CLM-GMB**

## MEMORANDUM OPINION

Randal Bernard McCoy was convicted of assaulting officers with bodily fluids when McCoy knowingly coughed on them with COVID-19 in April 2020. McCoy has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and resulting 25-year sentence. (*See* Docs. 1, 15, 17). The magistrate judge has entered a report (doc. 37), recommending that the court dismiss the habeas petition with prejudice.

McCoy has filed several objections to the report and recommendation. (Doc. 38). Though McCoy raises many claims, McCoy's main challenge is to his attorney's stipulation at trial that McCoy had COVID-19 at the time of the assault. As McCoy notes, assault with a bodily fluid is normally a Class A misdemeanor but rises to a Class C felony if the alleged offender "know[s] that he or she has a communicable disease." *See* Ala. Code § 13A-6-242(c). So McCoy contends that the stipulation is what led to him being convicted of a felony and receiving a 25-year sentence.

In hindsight, McCoy may be right: the strategic choice to stipulate to having COVID-19 to bolster McCoy's "I couldn't help coughing" argument failed with a long-term consequence. But the state courts held that the strategy was reasonable and non-prejudicial, and Congress forbids this federal court from granting a state prisoner habeas relief unless the state court's decision either violated clearly established Supreme Court precedent or was based "on an unreasonable determination of the facts." *See* 28 U.S.C. § 2254(d)(1) and (d)(2). As explained below, McCoy's claims fail to satisfy this standard.

### A.    Unexhausted and Procedurally Defaulted Claims

McCoy first objects that the "state courts of Alabama abused discretion to adjudicate the following . . . claims as defaulted or procedurally barred:" (1) violation of the privilege against self-incrimination; (2) that the trial court did not have jurisdiction because the jurors were not given an oath before voir dire; (3) "misapprehension of the law" in the application of Alabama Rule of Criminal Procedure 30.6; (4) illegal arrest based on void warrant; (5) prosecutorial misconduct in using false evidence that McCoy had COVID-19; (6) erroneous jury instructions on the felony charge and the definition of communicable disease; (7) ineffective counsel for refusing to raise the fruits of the poisonous tree issue and failing to obtain the presentence report for McCoy's review before sentencing; (8) lack of probable cause and prosecutorial misconduct in issuing the warrant; and (9) conflict of interest, prejudice, and bias on the part of the trial judge. (Doc. 38, p. 2).

As the magistrate judge explained, McCoy's claims related to (1) the violation of the privilege against self-incrimination; (2) the trial court's lack of jurisdiction because the jurors were not given an oath before voir dire; (3) misapprehension of the law in the application of Alabama Rule of Criminal Procedure 30.6; and (4) erroneous jury instructions on the felony charge and the definition of communicable disease are unexhausted. (*See* Doc. 37, pp. 18–19). While McCoy raised some of these claims in his Rule 32 petition, he "did not complete a full round of the appellate review process on his Rule 32 petition since the record does not contain an application for rehearing or a petition for writ of certiorari with the Alabama Supreme Court." (*Id.*, p. 19). And though McCoy exhausted most of his ineffective assistance of counsel claims on direct appeal, he did not argue on direct appeal that counsel was ineffective for (1) refusing to raise a fruit of the poisonous tree argument, or (2) failing to obtain the presentence report for McCoy's review before sentencing. (*Id.*). So these two ineffective assistance of counsel claims are also unexhausted. Because these claims are unexhausted, the magistrate judge correctly found that they are procedurally defaulted. (*Id.*, pp. 15–19).

On direct appeal, McCoy did exhaust his claims related to (1) an illegal arrest, (2) prosecutorial misconduct in using evidence that McCoy had COVID-19, (3) lack of probable cause and prosecutorial misconduct and issuing the warrant; and (4) conflict of interest, prejudice, and bias on the part of the trial judge. (*Id.*, pp. 7, 20). But the Alabama Court of Criminal Appeals ("ACCA") found that only McCoy's arguments challenging the sufficiency of the evidence, his sentence, and trial counsel's effectiveness were preserved for appellate review. (*See* Doc. 21-13, p. 4). Alternatively, the ACCA found that these claims were waived because McCoy's brief failed to comply with the requirements of Alabama Rule of Appellate Procedure 28(a)(10). (*See id.*, pp. 5–6). So the magistrate judge correctly found that state-law based procedural default barred these claims. (*Id.*, pp. 20–21).

McCoy, however, argues that (1) it would be a miscarriage of justice to find these claims procedurally defaulted because he is actually innocent of assaulting someone while having COVID-19, and (2) it was manifestly unfair for the ACCA to reject McCoy's arguments for failing to comply with Alabama Rule of Appellate Procedure 28(a)(10). (Doc. 38, pp. 2–3).

1. *Actual innocence*: Proof of actual innocence qualifies for the miscarriage of justice exception to procedural default. But the magistrate judge correctly found that McCoy has not shown actual innocence because the medical records that he points to aren't new and fail to prove that McCoy did not have COVID-19 at the time of his arrest. (Doc. 37, pp. 22–24). Thus, the court **OVERRULES** this objection to the magistrate judge's application of the procedural default doctrine to the claims that McCoy either didn't exhaust or were dismissed on independent and adequate state-law grounds.

2. *Rule 28(a)(10)*: The court also rejects McCoy's arguments against the state courts' application of Rule 28(a)(10). McCoy does not challenge the ACCA's finding that the only claims McCoy preserved for appellate review were his challenges to the sufficiency of the evidence, sentence, and trial counsel's effectiveness. And having reviewed McCoy's appellate briefs and the ACCA's opinion, the court agrees with the magistrate judge that the ACCA's alternative finding under Rule 28(a)(10) "is not manifestly unfair in its treatment of McCoy's claims under the specific facts presented here." (Doc. 37, p. 21).

As a result, the court **OVERRULES** McCoy's objection to the magistrate judge's finding that state-law based procedural default bars each of McCoy's exhausted claims other than his claims related to the sufficiency of the evidence, legality of his sentence, and trial counsel's effectiveness.

### B.    Claims Not Addressed

McCoy devotes the next 11 pages of his argument to objecting to claims that he says the magistrate judge impermissibly failed to address. (*See* Doc. 38, pp. 3–14).

According to McCoy, these claims include alleged discovery violations (*id.*, pp. 3–4), suppression of evidence by the prosecution (*id.*, pp. 4–5), false testimony from the State's witnesses, (*id.*, p. 6), prosecutorial misconduct in opening statements and closing arguments (*id.*, pp. 6–8), and improper introduction of prior bad acts evidence (*id.*, pp. 8–14). But the reason the magistrate judge didn't address these claims is that McCoy did not raise these claims in his habeas petition or amendments. (*See* Docs. 1, 15, 17; *see also* Doc. 37, pp. 13–15). The court thus **OVERRULES** McCoy's objections related to these claims.

### C.    Ineffective Assistance of Counsel

McCoy next objects to the magistrate judge's recommendation on his ineffective assistance of counsel claims. (Doc. 38, pp. 14–24). The magistrate judge found that McCoy's claim that his trial counsel was ineffective because he did not adequately investigate the facts of the case or introduce medical evidence and agreed to the stipulation that McCoy had COVID-19 failed on the merits. (Doc. 37, pp. 28–33). McCoy first argues that his counsel was ineffective for failing to object to the prosecution's questioning of witnesses about their concerns related to contracting COVID-19, contending that this testimony was irrelevant and unduly prejudicial. (Doc. 38, pp. 14–18). McCoy did not raise this ineffective assistance of counsel claim in his habeas petition or amendments. (*See* Docs. 1, 15, 17; *see also* Doc. 37, pp. 13–15). So the court **OVERRULES** this objection.

4

McCoy next argues that counsel was ineffective for agreeing to the stipulation that he had COVID-19 and for not introducing medical evidence about his condition before his arrest. (Doc. 38, pp. 18–23). The magistrate judge addressed this claim on the merits and found that it was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), for the ACCA to determine that trial counsel's strategic decision to stipulate that McCoy had COVID-19 did not render him ineffective. (Doc. 37, pp. 31–33). The magistrate judge also noted that the medical documentation McCoy says trial counsel should have introduced into evidence does not prove that McCoy did not have COVID-19 at the time of his arrest (*Id.*, p. 32).

The court agrees with the magistrate judge's analysis. As the magistrate judge explained, double deference applies to this court's review of counsel's performance in a § 2254 proceeding. (*See id.*, p. 30 (citing *Evans v. Sec. Fla. Dept of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012)). And the court agrees that it was not an unreasonable determination of the facts for the ACCA to find that counsel's trial strategy was to agree that McCoy had COVID-19, so he could use that fact to argue that McCoy was sick and could not control his coughing or vomiting. *See* 28 U.S.C. § 2254(d)(2). The record indeed supports this fact finding. During opening statements, counsel argued that McCoy had COVID-19, which caused him to uncontrollably cough, spit, and vomit. (Doc. 21-8, pp. 72–74). And counsel's cross examination of the State's witnesses focused on whether McCoy was able to control his symptoms. (*See id.*, pp. 83–85, 97–98, 107–09, 115–16). Counsel also called McCoy to testify that the day of the incident, he was "arrested on my way to Shelby County Hospital because I had COVID." (*Id.*, p. 120). McCoy then explained that he couldn't control his symptoms of severe abdominal pain, frequent vomiting, and frequent coughing and that he couldn't prevent himself from getting spit or vomit on the officers because he was handcuffed. (*Id.*, pp. 120–28, 138–39). Finally, counsel reiterated in closing that McCoy's coughing and nauseousness were symptoms of COVID-19 and that McCoy "didn't make the choice to contract COVID." (*Id.*, p. 146). So the court moves on to the ACCA's *Strickland* performance and prejudice findings.

Starting with performance, counsel's strategic decisions "are entitled to a strong presumption of reasonableness." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (quotations omitted). So this court cannot grant McCoy habeas relief on his COVID-19 stipulation claim unless "*every* fairminded jurist would agree that *every* reasonable lawyer would have made a different decision." *Id.* (cleaned up).

The court cannot say that every reasonable lawyer would have chosen to fight against McCoy having COVID, rather than accepting COVID and arguing its effects. The record shows that McCoy put his attorney in a bind: The police report showed that McCoy was yelling "COVID-19, I got the COVID-19" as he was spitting on the officers:

(Doc. 21-4, pp. 1–2). That record reflects at least three officers wrote statements about these events. (*Id.*, p. 2). According to the report's supplement, it was McCoy's own words and actions—not counsel's later stipulation—that

caused the investigator and assistant DA to decide to seek charges for felony spitting, rather than the misdemeanor McCoy now wants:

```
SUPPLEMENT #1    Investigator Greg Turley - 134    04/06/2020    10:20

Investigator Turley reviewed the case facts and spoke to the reporting deputy.  The deputy will
meet with the DA to obtain warrants for himself and the second victim.  Inv. Turley reviewed that
case facts and consulted with ADA Mike Anderton and concluded that the case facts would change the
charges to the following:


Attempted Aggrivated Assault 1 13-A-6-20 Class B Felony


Assault with Bodily Fluids 13A-6-242 Class A Misd. normally, but the subsection states that if the
suspect knows that they have a communicable disease it will be a CLASS C FELONY per the statute.
```

(*Id.*, p. 2). That seems to be why the grand jury indicted McCoy with the felony count, long before McCoy's attorney chose his strategy.

So yes, with the benefit of hindsight, perhaps McCoy is right that the wiser strategy would have been to argue that McCoy *didn't* have COVID-19. But the court cannot say that no attorney would have made the same choice to run with the 'uncontrollable COVID' defense, as counsel was stuck with the evidence that McCoy was exclaiming that he had COVID. Nor can the court say that counsel's decision prejudiced McCoy, as he presented the state courts with no evidence that would prove he did *not* have COVID as he professed on the day of the incident. Both rulings are reasonable applications of *Strickland*.

The court thus **OVERRULES** McCoy's objections to the magistrate judge's finding that counsel wasn't ineffective for agreeing to the stipulation that McCoy had COVID-19 and for not introducing medical evidence about McCoy's condition before his arrest.

McCoy finally contends that counsel was ineffective for failing to "file for complete discovery." (Doc. 38, pp. 23–24). In addressing McCoy's claim related to counsel's diligence in trial preparation and discovery, the magistrate judge found that "it was not an unreasonable application of *Strickland* for the ACCA to decide that McCoy failed to show how his lawyer was deficient or that he was prejudiced." (Doc. 37, p. 32). The magistrate judge also agreed with the ACCA that "any alleged error in preparation for trial or during discovery was speculative." (*Id.*). The court sees no error in the magistrate judge's analysis. So the court **OVERRULES** this objection.

### D.      Sufficiency of the Evidence

McCoy also attacks the magistrate judge's findings related to the sufficiency of the evidence. (Doc. 38, pp. 24–26). The magistrate judge found that in addressing the sufficiency of the evidence, the ACCA relied on the correct constitutional standard and reasonably applied that standard to the facts of McCoy's case. (Doc. 37, pp. 34–35). The magistrate judge also pointed out that McCoy's stipulation removed the requirement for the State to present evidence that he had a communicable disease. (*See id.*). Finally, the magistrate judge noted that McCoy's own testimony established that he believed he had COVID-19 at the time of his arrest. (*Id.*, p. 35 n.12).

In his objections, McCoy argues that he was entrapped "to [make] the false stipulation" and was "compelled to testify against [his] will." (Doc. 38, p. 25). McCoy also asks how his testimony could be relied upon to find that there was sufficient evidence that he knew he had COVID-19 when the State was allowed to use McCoy's previous criminal convictions to impeach his testimony. (*See id.*). The court has already addressed and rejected McCoy's argument that his trial counsel was ineffective for stipulating that McCoy had COVID-19. While the stipulation did not result in an acquittal for McCoy, it was reasonable for the ACCA to determine that the stipulation was part of a legitimate trial strategy to show that McCoy was sick and could not control his coughing or vomiting. As for McCoy's other arguments, the court agrees with the magistrate judge that it "must defer to the judgment of the jury in assigning credibility to witnesses and weighing the evidence." *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001). Accordingly, the court **OVERRULES** McCoy's sufficiency of the evidence objections.

### E.      Miscellaneous Claims and Objections

McCoy finally raises three miscellaneous claims and objections. McCoy first reiterates his contention that counsel was ineffective for failing to make a fruit of the poisonous tree argument. (Doc. 38, pp. 26–27). McCoy also states that his trial counsel's failure to explain the appeal process to him caused him to appeal prematurely and that the trial judge improperly appointed McCoy's trial counsel to represent him on appeal. (*See id.*, pp. 27–28). As explained, McCoy's fruit of the poisonous tree ineffective assistance of counsel claim is

unexhausted and McCoy cannot satisfy either exception to procedural default. And McCoy did not bring claims related to counsel's failure to explain the appeals process or the appointment of appellate counsel in his habeas petition or amendments. (*See* Docs. 1, 15, 17; *see also* Doc. 37, pp. 13–15). Besides, McCoy has failed to show how his premature notice of appeal injured him, and contrary to McCoy's assertion, McCoy was appointed appellate counsel other than his trial counsel to represent him on direct appeal, (*see* doc. 21-6, p. 25). The court thus **OVERRULES** these objections.

McCoy next objects to the magistrate judge's recommendation that the court deny McCoy an evidentiary hearing. (Doc. 38, pp. 28–29). The magistrate judge found that the facts necessary to resolve McCoy's claims are part of the record and that the court could assess McCoy's claims without additional factual development. (Doc. 37, p. 38 (citing *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003)). Having reviewed the record, the court agrees. So the court **OVERRULES** this objection.

McCoy's last objection is that the magistrate judge didn't address his cumulative error claim. (Doc. 38, p. 29). But McCoy did not raise a cumulative error claim in either his habeas petition or amendments. (*See* Docs. 1, 15, 17; *see also* Doc. 37, pp. 13–15). The court thus **OVERRULES** this objection.

—

In sum, having considered the record, including the magistrate judge's report and McCoy's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court will dismiss with prejudice McCoy's petition for writ of habeas corpus and deny McCoy's motion for an evidentiary hearing.

Rule 11(a) of the Rules Governing Section 2254 Cases requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were

adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that McCoy's claims satisfy neither standard, so the court will not grant McCoy a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** and **Ordered** on March 27, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE